Rao, C. J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of watch movements similar in all material respects to those the subject of *Benrus Watch Company et al.* v. *United States* (53 Cust. Ct. 28, C.D. 2469), wherein said watch movements were held to be unadjusted and, accordingly, not subject to any additional duty for adjustments, the claim of the plaintiffs was sustained.

No. P66/295.—Crown Handkerchief, Inc. *v.* United States, protests 64/4514, 64/20158, and 65/23750 (New York).

Ford, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of silk handkerchiefs similar in all material respects to those the subject of *Ashear Bros. Inc.* v. *United States* (55 Cust. Ct. 238, C.D. 2582), the claim of the plaintiff was sustained.

Before the Third Division, October 24, 1966

No. P66/296.—Arnart Imports, Inc. *v.* United States, protests 59/10875, etc. (New York).

Landis, J.   In accordance with stipulation of counsel that the items of merchandise marked "W" covered by the foregoing protests consist of plaques similar in all material respects to those the subject of *Arnart Imports, Inc.* v. *United States* (54 Cust. Ct. 187, C.D. 2531), and that the items of merchandise marked "T" covered by the foregoing protests consist of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claims of the plaintiffs were sustained.

Before the Second Division, October 26, 1966

No. P66/297.—Concord Watch Co., Inc. *v.* United States, protests 58/25129, etc. (New York).

No. P66/298.—Movado Watch Agency, Inc. *v.* United States, protests 58/25131, etc. (New York).

No. P66/299.—Eterna Watch Co. of America, Inc. *v.* United States, protests 59/1077, etc. (New York).

No. P66/300.—Norman M. Morris Corp. *v.* United States, protests 59/1952, etc. (New York).

**No. P66/301.**—Louis Aisenstein & Bros., Inc. *v.* United States, protests 59/13450, etc. (New York).

**No. P66/302.**—American Rolex Watch Corp. *v.* United States, protests 61/12, etc. (New York).

**No. P66/303.**—Julian Holzer et al. *v.* United States, protests 61/23256, etc. (New York).

Rao, C.J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of watch movements similar in all material respects to those the subject of *Benrus Watch Company et al.* v. *United States* (53 Cust. Ct. 28, C.D. 2469), wherein said watch movements were held to be unadjusted and, accordingly, not subject to any additional duty for adjustments, the claim of the plaintiffs was sustained.

Before the Third Division, October 26, 1966

**No. P66/304.**—Arnart Imports, Inc. *v.* United States, protest 63/12744 (New York).

Landis, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of plaques similar in all material respects to those the subject of *Arnart Imports, Inc.* v. *United States* (54 Cust. Ct. 187, C.D. 2531), the claim of the plaintiff was sustained.

**No. P66/305.**—Arnart Imports, Inc. *v.* United States, protests 63/22479, etc. (New York).

Landis, J.   In accordance with stipulation of counsel that the items of merchandise marked "E" covered by the foregoing protests consist of plaques similar in all material respects to those the subject of *Arnart Imports, Inc.* v. *United States* (54 Cust. Ct. 187, C.D. 2531), and that the items of merchandise marked "W" covered by the foregoing protests consist of statuary, sculptures, and/or copies, replicas, or reproductions thereof, valued at not less than $2.50 each, similar in all material respects to those the subject of *Wm. S. Pitcairn Corp.* v. *United States* (39 CCPA 15, C.A.D. 458), the claims of the plaintiff were sustained.

Before the Second Division, October 27, 1966

**No. P66/306.**—D. C. Andrews & Co., Inc. *v.* United States, protest 61/4477–11838 (Chicago).